UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUSTIN REES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01339-JMS-TAB |
| | ) | |
| HEIDI VANZEE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Interested Party. | ) | |
| | ) | |

**<u>ORDER</u>**

On August 25, 2015, Plaintiff Dustin Rees filed a Complaint in this Court against Defendants Special Agent Kerri Reifel, Special Agent Steven Secor, and Heidi VanZee. [Filing No. 1.] Mr. Rees' Complaint asserts federal claims against Special Agents Reifel and Secor and state law claims against Ms. VanZee. [Filing No. 1.]

On April 13, 2016, Mr. Rees filed a Stipulation of Dismissal with regard to Special Agents Reifel and Secor, leaving only the state law claims against Ms. VanZee pending in this action. [Filing No. 44.] The same day, Mr. Rees filed a Motion to Remand this action to state court, recognizing that no federal claims remain and that the applicable factors weigh against this Court continuing to exercise supplemental jurisdiction over Mr. Rees' action. [Filing No. 46.] The Court acknowledged Mr. Rees' Stipulation of Dismissal the following day, dismissing the claims against Special Agents Reifel and Secor without prejudice. [Filing No. 47.]

The Court has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims after all federal claims are dismissed. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 499 (7th Cir. 1999); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). It is well-established that the usual practice is to dismiss the state supplemental claims without prejudice. *Groce*, 193 F.3d at 501.

The Court agrees with Mr. Rees' analysis that under the circumstances presented, the Court should decline to exercise supplemental jurisdiction over Mr. Rees' remaining state law claims. [Filing No. 46.] This case is relatively young, the discovery deadline in five months away, and the Court has not expended substantial resources on it. Additionally, fairness and comity weigh in favor of this Court not exercising supplemental jurisdiction so that the Indiana state court can decide the Indiana state law claims that remain.

While Mr. Rees asks for the Court to "remand" his action to the state court, because Mr. Rees originally filed his action in federal court, the proper course is actually for this Court to dismiss his claims without prejudice to refile them in state court. *See Harvey v. Town of Merrillville*, 649 F.3d 526, 532-33 (7th Cir. 2011) ("If a case was originally filed in federal court and the Court determines that it will not exercise supplemental jurisdiction over the remaining state law claims, the proper course is to dismiss those claims without prejudice, not to remand

them to state court."). Mr. Rees acknowledges in his pending motion that the applicable statute of limitations will not prevent him from doing so. [Filing No. 46 at 2.]

For these reasons, the Court **GRANTS IN PART** Mr. Rees' pending motion, [Filing No. 46], and concludes that it is appropriate for it to decline to exercise supplemental jurisdiction over Mr. Rees' remaining state law claims. Those claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). Final judgment shall enter accordingly.

Date:  May 6, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

HEIDI VANZEE
3978 Chelsea Terrace
Greenwood, IN 46143

**Distribution via CM/ECF:**

Alex Maurice Beeman
CIOBANU LAW PC
abeeman@ciobanulaw.com

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com

Viorel I. Ciobanu
CIOBANU LAW, PC
VCiobanuLaw@Gmail.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov